## SUPREME COURT.

HENRY CUPFER, respondent, agt. MARY FRANK, appellant.

*Execution, when may issue — Code Civil Procedure, sections* 1365-1375.

Where, in an action in the nature of a creditor's bill founded upon a judgment and execution issued and returned *nulla bona*, it appeared by affidavit that the judgment was for deficiency in foreclosure; that the judgment of foreclosure was rendered September 25, 1876; the referee's report of sale made October 25, 1876, showing a deficiency, for which the judgment was docketed on January 22, 1878:

*Held*, that such docketing was the entry of judgment within the meaning of the Code, and that the issuing of the execution on the 13th of December, 1882, was within five years, it being intended by sections 1365 and 1375 to limit the time within which execution may issue, of course, upon any judgment to five years after the right to issue the same has fully accrued.

Whether, when the assets consist of a claim against an insurance company, arising upon a policy of insurance, in the name of defendant, upon the life of her husband, such interest is assignable and can therefore be reached by execution, *quære*.

*First Department, General Term, August,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from order denying motion to vacate injunction.

*A. R. Dyett,* for appellant.

*Ezra A. Tuttle,* for respondent.

DAVIS, *P. J.* — This is an action in the nature of a creditor's bill, founded upon a judgment and an execution issued and returned *nulla bona,* and it seeks assets of the appellant to be applied upon such judgment. The assets consist of a claim against the Mutual Life Insurance Company, arising upon a policy of insurance in the name of the appellant on the life of her husband. The only question that seems to have been presented at Special Term was whether the complaint shows an execution duly issued within five years from the time the judgment was rendered. The allegations of the complaint are sufficient upon that question to show the issuing of an execution within that time; but it is shown by affidavit that the judgment was for deficiency arising upon the sale of mortgaged premises in an action of foreclosure, and it is also shown that the judgment of foreclosure and sale was rendered on the 5th day of September, 1876, and that on the 25th day of October, 1876, the referee's report of sale was made in the action bearing date on that day, which shows a deficiency, for which the judgment was docketed on the 22d of January, 1878. If such docketing was the entry of the judgment within the meaning of the Code, then the issuing of the execution on the 13th of December, 1882, was within five years. The Code provides (*sec.* 1375) that executions may issue, of course, at any time within five years after the entry of the judgment, and by section 1365, that an execution against property can be issued only to the sheriff of the county in the clerk's office of which the judgment is docketed.

We are inclined to think that the court below was correct in construing these sections as authorizing the issuing of execution in this case. On the filing of the referee's report of deficiency the judgment declaring the liability of the

defendants for such deficiency was not brought to a condition in which execution could issue; therefore something more was necessary to be done, and we are of opinion that the sections referred to of the Code are intended to limit the time within which executions may issue, of course, upon any judgment to the period of five years after the right to issue the same has fully accrued. In this case the right did not accrue until the judgment was duly docketed, and that not having been done until the time above named, the execution is shown upon the facts to have been issued within five years.

Another point is now urged which is in substance that the interest of the appellant in the policy of insurance or claim against the insurance company was not assignable, and therefore cannot be reached by execution. The circumstances of the case are peculiar, and the decisions referred to on the subject of the non-assignability of a married woman's interest in a policy are not in all respects analogous to those of this case. It may very well be held on the trial of this action that those cases control that question, but it would seem from what appears in the papers before us that restraining the assignment of the policy or claim can be of no special injury, provided the action is brought to trial with proper diligence, inasmuch as, if it be true that Mrs. Frank has no power to make any assignment of the policy or claim, she will not be harmed by having the injunction remain, while on the other hand, if she has such power, the plaintiff in the action might lose his remedy, if she were not restrained.

We are of opinion therefore, on the whole, that the injunction should not, on that ground, be vacated, but be allowed to remain until the trial of the action, in which this question of the assignability of the policy or claim can be finally determined.

DANIELS and BRADY, JJ., concur.